Good to see you. Good morning, ladies and gentlemen. Pleased to see you today. I'm sorry it's not in person, but perhaps soon. We'll go to the first case on the oral argument calendar is Bastian v. Ryan. May proceed. May it please the court. Katya Mayhew, CJA counsel, representing Thomas Bastian. On behalf of Mr. Bastian, I ask the court to vacate his conviction and sentence. I reserve two minutes for rebuttal. We are here today because Mr. Bastian invoked his right to counsel seven times during interrogation. Law enforcement did not cease interrogating Mr. Bastian. However, they interrogated Mr. Bastian seven more times over a three-day period. The statements Mr. Bastian made during the interrogations were then admitted into trial during the prosecution's case in chief. The prosecution then read Mr. Bastian's statements. He read Mr. Bastian's statements into the record again during his closing arguments. These outcomes diverged substantially from the holdings of the Supreme Court. Which part of this do you contend is the most unreasonable? Because the standard here is unreasonable application of the facts. I would submit that it is the construing the facts after the first interrogation as an initiation of contact. Because what happens is that, as the court knows, the prosecution admitted that there was a constitutional violation, and it did so in the memorandum of law it filed after the evidentiary hearing. The remedy for this constitutional error is that the statements would be inadmissible during the prosecution's case in chief. The workaround to the suppression requirement was construing the facts after the first interrogation as an initiation of contact. The workaround itself is a violation of clearly established federal law. And this is why. Once a suspect has invoked the right to counsel, you need clarity in many ways. You need proof of initiation. You need proof that there was a valid waiver. We do not have that here. The trial court was tasked with finding the initiation. On that point, the trial court said it's unclear why the detective entered the holding cell. The trial court itself did not find that there was a clarity when it came to the initiation of contact. The appellate court categorized the actions of the law enforcement as tactics. It expressed a strong disapproval. Nonetheless, it concurred with the trial court and found an initiation. You would agree that under Edwards that re-initiation is permitted? Yes. So you're only quarreling with the state court's determination of the facts? I'm sorry, Your Honor? You're only quarreling with the state court's determination of the facts as engaging in re-initiation? I'm not sure. I'm not sure that I would agree with that. It seems to me that so many of the different prongs of the statute are involved that I'm not sure that I would agree with that, Your Honor. Because the appellate court itself found that law enforcement ignored Mr. Bashian's right to counsel multiple times. During the hearing, not one prosecution witness stated directly that Mr. Bashian initiated contact. During the first interrogation, Mr. Bashian made a number of statements. One of them is particularly compelling. He says, no, I want an attorney for the simple fact that I've been in prison already. And I'm not trying to get caught up in any technicalities or any word play back and forth and stuff like that. So this was one of seven statements he made during the first interrogation. The second interrogation, which is what's at issue, and this occurred like an hour and a half after the first interrogation ceased, law enforcement went back to the cell. And Mr. Bashian obviously realized that a defense attorney was not being presented to him. He switched to asking for a district attorney. So this is obviously a man who says to himself, I want someone between me. I want an attorney between me and law enforcement. And that did not occur. So the state's adjudication of the issue is both contrary to and it's an unreasonable application of a Supreme Court precedent. What we do know is that Mr. Bashian repeatedly asked for counsel. The appellate court found that there was that law enforcement ignored Mr. Bashian's request for counsel. We have a bright line rule where you have to basically find initiation. The trial court could not find it. On that basis, it says it's unclear why the detective entered the holding cell. If the court does not have any questions, I would like to move on to the second issue. Go ahead. The shackling claim is before the court as a 2254 E1 claim. The court will review it de novo because there is no habeas deference. The prosecution did not produce the PCR pleadings in district court. Nonetheless, Mr. Bashian properly raised this claim as a standalone claim and his successive pleadings. I thought this was an ineffective assistance claim. Well, it's not – it started out as an ineffective assistance claim. But at the time Mr. Bashian proceeded on his own, he did not have anyone to review the record to the extent that I've been able to review it. He raised this and obviously neither did this court when it issued the certificate. But if the court wants me to address it from that perspective, I absolutely will. Because what happens is that because Mr. Bashian raised a shackling claim, the related IAC claim marches along with it. So even though Mr. Bashian raised an IAC claim and a first PCR, he was allowed to raise it in a second PCR as well. So it was not subject – under the procedural rules in Arizona, this claim is not precluded. There's no procedural bar. Why do you say that? Because the rules provide it. The rules expressly provide that if a claim is of sufficient constitutional magnitude, it can be raised in a successive PCR. Now, the rule has gone through a number of changes over the years. At the very latest, I think the court might have noticed that just last year, the Arizona Supreme Court revised the rules again to kind of make it more and more clear that this type of claim is not precluded. So in terms of addressing it just as an IAC claim, Mr. Bashian has absolutely met his burden of proof. Because there are three elements that the court considers. We consider the presumption of innocence, the right to counsel, the integrity of the judicial process. Mr. Bashian – this, as a court, is a proceeding that went on for quite a long time. Mr. Bashian went through a number of court hearings, and on the eve of jury selection, he is placed on shackles, and no one does anything about it. But Mr. Bashian explained, particularly as it comes to the right to counsel, this is a subjective analysis because it impacts Mr. Bashian's ability to participate in his defense. Mr. Bashian sets out in his successive PCRs that his attorneys knew that he suffered from a number of mental health disorders, and he told them these physical restraints are having an impact on me. They did nothing about it. It's not Mr. Bashian's position, obviously. So Mr. Bashian's attorneys knew about the shackles? Yes, Your Honor. But they didn't raise it with the trial court? No, Your Honor. Why is it not waived as an issue? Because Mr. Bashian is entitled to due process. Because the court and the trial attorneys as well as the prosecution is entitled to accord Mr. Bashian due process. And also because the Supreme Court has said this is one of those things that impacts a person's fundamental rights. So here, whether or not the shackles were visible, that's not the end of the inquiry, because we're talking about Mr. Bashian's right to counsel and his ability to participate in his defense. His attorneys knew this. They didn't do anything about it. But Mr. Bashian has made his case, and his successive pleadings, he explained what happened and how it impacted him. From that perspective, he's established that he suffered prejudice from these proceedings. I see that my time is almost up. I would like to reserve my two minutes to... Thank you, counsel. Mr. Riley? Good morning, Your Honors. Andrew Riley on behalf of respondents. The district court correctly denied habeas relief on Bashian's Miranda claim because he has not shown that the state court's denial of the claim was based on an unreasonable determination of the facts or that it was contrary to or based on an unreasonable application of clearly established federal law. The Arizona Court of Appeals cited the correct legal authority and found that although Bashian did invoke his right in the first interview, that interview and every part of it was suppressed, that he did reinitiate in the second interview and asked the detectives to come in, and that he wanted to talk to them, that he wanted to waive his right to counsel, and then he voluntarily continued to engage with them over the next couple days in providing information. The purpose of Bashian wanting the detectives, wanting to talk to detectives, is he wanted to proffer information in exchange to obtain his release from jail, and that of his girlfriend. He thought he would be able to do that. That's why he wanted to talk to the district attorney and detectives and that sort. And so while Bashian testified at the suppression hearing that he didn't want to initiate, he only wanted to use the telephone, or I think was his claim. The trial court, that was refuted by the detective's testimony, both detective's testimony and the transcripts of the interviews and the subsequent interviews. In fact, he confirmed shortly after the second interview, the third interview, early on in the third interview, that he did in fact want to talk and he wanted to keep talking with the detectives and provide them information to obtain his release and minimize his conduct in this proceeding. So with that in mind, the trial court considered the evidence, made its credibility determination. It's plainly supported by the record here, and it was something that was affirmed by the Court of Appeals on appeal. If this court has any questions on that, I can certainly address them. But moving to the IAC of the debt claim, again, that's the district court properly denied relief on that claim because it is procedurally defaulted and without excuse. And in addition to that, the R&R found that in the alternative, it's meritless. There's nothing in the record that shows that the restraints were ever visible in any way or anything along those lines. You can't show prejudice. And because of that, it's just not a substantial claim and it can't be excused under Martinez. Can you address this issue of Mr. Bastian asking for documents, record documents, and then not receiving them and what relationship that may have to any of his claims here? As far as the two claims here, I don't think one, the Miranda claim was properly addressed by appellate counsel and was adjudicated on the merits by the trial court. As far as the debt claim, anything that he, as far as the stun belt and the leg brace, he, you know, everything that he had in his mind, he was aware of it. So as far as he didn't need any documentation from the record to support that, he was restricted. His documents and his availability of those documents were restricted to him while he was incarcerated because he was investigated for a bomb plot. He had instructions on how to make bombs in his hidden in his legal mail. And so there was security issues with that. So that's a you know, whether or not those were there were properly restricted in that sense. But as far as how it impacts this claim, I don't think it impacts the debt claim at all, because, again, he if anybody if anybody knew he was he had these restraints on it was certainly. And he could have raised that claim and file under Arizona. The rules all they need to do is file a test station or some sort of thing that he attested to the fact that I was wearing these restraints, and then that was properly. He would have been able to properly raise it in that regards. If that answers your questions. It's not clear to me why he wasn't provided with the documents. Are you saying it was because of a security risk or because he just asked the wrong person. I knew because of a security risk. So he was originally provided with the documents. But again, he was there was contraband being hidden being found hidden. And there was a, there was a bomb. Apparently there was a, an FBI got involved with a plot to blow up a corrections officers, there's that stuff in the in some of the pleadings in the district court record. But he was a grave security risk and he had contraband hidden in his legal mail. And so DOC confiscated that and he was a drawn out process for him to obtain documents but he was able to, but he was able to get some of them and he was able to file grievances and get and get certain documents and those were in that. So, his access to documents was more limited than it otherwise would have been. But that was because of the security risk that he occasion. But, but even so, again, in regards to the debt claim I don't think it has any bearing on that as, as was noted by the, by the state court and well district court and are in the district court that, I mean, he could have raised the debt claim he's the one with the knowledge of it and certainly would have accepted that, you know, he knew at the time of trial that this is was supposedly was an issue for him or read me that after trial was an issue for him so he could have raised it so that lack of access to documents. I don't believe would have any effect on the debt claim, or the ability to present the IC the deadline. And if there are no further questions on that I just, as far as the uncertified issue I didn't break it but it's, it's not connected because it wasn't before the wasn't before the district court it wasn't presented to the. So it's not probably for for you all and it rises out of a complaint of post conviction proceedings which isn't cognizable in its own right, and it wasn't it hasn't been presented to state court in the first instance to procedure defaults with on that ground so I can answer any questions of that, but if not, I would rest of the briefing ask that you affirm the district court order. Thank you counsel will hear rebuttal. Your Honors, I would like to point out that Mr bastion is not an attorney. He asked for an attorney during the during interrogation he was not provided an attorney. He asked, he's when during trial. When he was being shot shot shot shackled, and it had an impact on him. He spoke to his attorneys about it. Mr bastion does not have the capability to address such an issue on his own. I would also like to point out that Mr bastion did raise the deck claim at the appropriate time. He raised it, and a successive PCR, the prosecution failed to give those documents to the district court. So, so the, the, the assessment that the, the finding of procedural bar cannot be supported, because the district court was not given the proper information. And in regards to the uncertified issue, I would like to point to the court that 28 USC 2254 be one is implicated. There's obviously an absence of state corrective process for Mr bastion. I would state courts are tasked with safeguarding federal rights to the same extent as federal courts here state actors fail to safeguard the constitutional protections due to Mr bastion. On his behalf, I asked the court to vacate his conviction in sentence. Thank you, counsel. Thank you both for your arguments today. The case just argued will be submitted for decision.
judges: Thomas, Bress, Bumatay